### GRISWOLD v. KILE et al.

(Supreme Court, Appellate Division, Third Department. December 8, 1896.)

VOLUNTARY PAYMENT.

> A payment in settlement of a suit is voluntary, so that the payer cannot sue to get it back, where, at the time of the payment, he knew of all the material facts on which he relies for a recovery, and the witnesses by whom they could be proved.

Appeal from trial term, Cortland county.

Action by Charles Griswold against Lewis P. Kile and others. From a judgment entered on a verdict for plaintiff, and an order denying a motion for new trial, made on the minutes, defendants appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John N. Carlisle, for appellants.
Horace L. Bronson, for respondent.

LANDON, J. The defendant Mitchell sued the plaintiff upon a promissory note, alleging that he was a bona fide holder for value before maturity, and the plaintiff served an answer, containing a general denial, and alleging that the note was procured by fraud. Afterwards, upon payment by plaintiff of the amount of the note, the action was discontinued; and, soon after, the plaintiff brought this action to recover back the money he had paid in the former action, and the expenses he had incurred therein, charging the three defendants with fraud and conspiracy in procuring the note, in bringing suit thereon in the name of Mitchell as bona fide holder, and in obtaining from plaintiff payment thereof in settlement of said suit, and subjecting him to the expenses incurred thereby. When the plaintiff and the defendant Mitchell, or their respective attorneys, settled the first action, the plaintiff knew all the facts respecting the fraud practiced upon him in procuring the note, and the evidence tended strongly to show that he had notice of Mitchell's complicity in the fraud. Before the settlement, the plaintiff made a motion to change the place of trial, upon the ground of the convenience of the witnesses, and supported it by his affidavit that he expected to prove by them the fraud. It thus appears he was willing to try the case if he could do so in the county of his residence. This motion was denied. He also presented the case to the grand jury. The witness Barlow, by whom he proved

upon this trial Mitchell's complicity in the fraud, whereby the note was procured, gave his testimony before the grand jury.

The motion to change the venue, and the investigation before the grand jury, were well calculated to bring out all the facts. The district attorney was also counsel for the plaintiff; and thus it appears that when the plaintiff was advised to settle the action in Jefferson county upon the note, and bring this action in Cortland county, where he resided, his advisers were informed in respect to the fact proved by Barlow upon this trial of the defendant Mitchell's complicity in the fraud. The plaintiff did not deny that he was informed of the facts proven before the grand jury. If not fully advised, his counsel were, and their knowledge was his knowledge; otherwise, his counsel, by advancing him, and suppressing themselves, could procure for him an unfair advantage. The plaintiff did not testify to any material fact of which he had no notice before the settlement. The payment of the note in settlement of the first suit was thus a voluntary payment, made with knowledge of all the material facts, and of the witnesses by whom they could be proved, and hence the plaintiff was not entitled to maintain this action. Parsons v. Hughes, 9 Paige, 592; Adams v. Sage, 28 N. Y. 103; Bach v. Tuch, 126 N. Y. 53, 26 N. E. 1019. We think the defendant's motion for a nonsuit upon the close of the whole testimony should have been granted.

Judgment reversed; new trial granted; costs to abide the event. All concur.